IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOBBY HARDNETT individually and on behalf of a class of others similarly situated | : : : | Civil Action |
| Plaintiffs | : : | |
| v. | : : | NO. 23-1393-BAJ-SDJ |
| CITY OF BATON ROUGE-PARISH OF EAST BATON ROUGE | : : : : | |
| Defendants. | : : | |

PLAINTIFF'S FIRST AMENDED COMPLAINT
_____

### INTRODUCTION

This is a class action brought to redress the systematic deprivation by Defendants of rights secured to the Plaintiff and the proposed class members by the United States Constitution, the laws of the United States of America, and the laws of the State of Louisiana. For at least the last three years, the Baton Rouge Police Department has maintained a policy and/ or practice of strip-searching individuals taken into their custody, without probable cause and without individualized reasonable suspicion that the individuals were secreting weapons or drugs. Strip searches are a uniquely invasive tactic, and it is used by Baton Rouge officers to humiliate, denigrate, and intimidate individuals. It is clearly established that Baton Rouge Police Department's strip search policy and/ or practice violate the Fourth Amendment.

Bobby Hardnett brings this action on behalf of himself and on behalf of a class of numerous others who were strip searched by the Baton Rouge Police Department who without probable cause or individualized reasonable suspicion, to vindicate their clearly established

constitutional rights. Plaintiff seeks monetary damages for himself and each member of the proposed class, a declaration that the Baton Rouge Police Departments strip-search policies and/ or practices are unconstitutional, and an injunction precluding the Baton Rouge Police Department from continuing to systematically violate the rights of those taken into their custody. Wherefore, Plaintiff complains as follows:

## JURISDICTION AND VENUE

1. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 because it is filed to obtain compensatory damages, punitive damages, and injunctive relief to redress the deprivation of rights secured by the Fourth Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983.

2. Jurisdiction also exists pursuant to 28 U.S.C. § 2201 because it is filed to obtain declaratory relief relative to the constitutionality of the policies and/ or practices of a municipal government.

3. Venue is proper in this Honorable Court under 28 U.S.C. § 2201 because the events giving rise to Plaintiff's claim and the claims of the proposed class occurred in the Middle District of Louisiana.

## PARTIES

4. Plaintiff Bobby Hardnett ("Hardnett") is an adult resident of the State of Louisiana. In January of 2023 he was taken into custody by a Baton Rouge police officer, taken to a police building, and strip-searched without probable cause or individualized reasonable suspicion that he was in possession of a weapon or other contraband.  The strip search did not produce any evidence of criminal activity and Hardnett was released without being charged with a crime.

5. Defendant City of Baton Rouge- Parish of East Baton Rouge is a local government entity and body being a political subdivision of the State of Louisiana, is responsible for the customs, practices, and policies, supervision, training, and discipline of the Baton Rouge Police Department. At all times relative hereto, City of Baton Rouge was responsible for police officers' actions conducted in the course and scope of their employment.

<u>**CLASS ACTION ALLEGATIONS**</u>
<u>**IN SUPPORT OF CLASS CERTIFICATION**</u>

6. Plaintiff brings this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and a class of similarly situated individuals who were strip searched by Baton Rouge Police Officers without probable cause or individualized reasonable suspicion.

7. The class that Plaintiff seeks to represent is defined as follows:

> All persons who have been or will be taken into the custody of the Baton Rouge Police Department and were or will be strip searched by Baton Rouge Police Officers without probable cause or individualized reasonable suspicion, pursuant to the policy and/ or practice of the Baton Rouge Police Department  The class period commences on September 29, 2020 and extends to the present or until the defendants are enjoined from, or otherwise cease, their unconstitutional policy and/ or practice of conducting strip searches absent probable cause or individualized reasonable suspicion. Specifically excluded from the class are Defendants and any and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

8. This action has been brought and may properly be maintained as a class action under Federal law and satisfies the numerosity, commonality, typicality, and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

9. The numerous members render joinder impracticable. Upon information and belief, there are hundreds of individuals who were taken into custody by the Baton Rouge Police

Department and strip searched without probable cause or individualized Reasonable Suspicion- all of whom are members of the proposed class.

10. Upon information and belief, joinder of all of these individuals is impracticable because of the large number of class members and the potential that some members presently residing outside of this Judicial District. Furthermore, upon information and belief, many members of the class, having been denigrated and humiliated by defendants, are likely hesitant to pursue their rights individually.

11. Common questions of law and fact exist as to all members of the Class, in that they all had their right to be free from invasive strip searches absent probable cause or individualized reasonable suspicion. All members of the class were or will be strip searched in violation of the clearly established law in the Fifth Circuit.

12. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the class sustained damages arising out of Defendant's policy and/or practice of strip-searching individuals without probable cause or individualized suspicion. The harm suffered by Plaintiff is typical of the harms suffered by the class members.

13. This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiff seeks class certification under Fed. R. Civ. P. 23(b)(2), in that all class members were subject to the same Baton Rouge Police Department policy and/or practice of strip-searching individuals without probable cause or individualized suspicion. Baton Rouge acted on grounds generally applicable to all class members.

14. In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiff seeks certification under Rule 23(b)(3).

15. Common questions of law and fact exist as to all members of the class and predominate

over any questions that affect only individual members of the Class. These common questions of law and fact include, without limitation, the common and predominate question of whether the Baton Rouge Police Department's policy and/or practice of strip-searching individuals without probable cause or individualized reasonable suspicion is a violation of the Fourth Amendment to the United States Constitution, and whether the policy and/or practice existed during the class period.

16. A class action is superior to other available methods for fair and efficient adjudication of this controversy. Absent a class action, it would be economically impractical for the vast majority of the Class members to prosecute individual actions because the amounts that may be recovered by individual Class members would be insufficient in amount to support separate actions. However, the amounts which may be recovered by individual Class members will be large enough in relation to the expense and effort in administering the action to justify a class action. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

17. Upon information and belief, there are no other class actions pending to address the Baton Rouge Police Department's policy and/or practice of strip-searching individuals without probable cause or individualized reasonable suspicion.

## FACTUAL BACKGROUND

### Facts Applicable to the Class Generally

18. The Fourth Amendment of the United States Constitution prohibits strip-searches except in very limited circumstances because it is uniquely and extremely invasive.

19. Even when individuals have been formally arrested and incarcerated, strip searches are prohibited unless there is probable cause or individualized reasonable suspicion to

believe that they are in possession of weapons or contraband.

20. Despite these clearly established prohibitions against strip searching, the Baton Rouge Police Department maintains a policy and/ or practice of strip-searching individuals who have not been arrested in intentionally denigrating circumstances.

21. The Baton Rouge Police Department's strip search policy and/ or practice permits officers to take individuals that they suspect of engaging in criminal activity to police properties throughout Baton Rouge and strip search them prior to establishing probable cause to bring criminal charges.

22. The Baton Rouge Police Department's strip search policy and/ or practice served the illegitimate purpose of attaining evidence against individuals suspected of criminal activity.

23. Baton Rouge Police Department's strip search policy and/ or practice served the illegitimate purpose of humiliating, denigrating, and intimidating individuals suspected of criminal activity.

24. The officers who created, maintained and executed Baton Rouge Police Department's strip-search policy had knowledge that the policy violated the Fourth Amendment as the Fifth Circuit has repeatedly rejected such policies.

25. As a direct and proximate result of the unlawful strip-searches conducted pursuant to policy, the victims of the unlawful strip searches - each member of the class, including the named Plaintiff - has suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

**Facts Applicable to the Bobby Hardnett**

26. In January 2023 Hardnett was sitting on the front porch of his friend's apartment.

27. Three Baton Rouge Police Officer pulled in front of the building. One of the officers told

the other two officers to "throw his ass in the car".

28. Two officers then approached Hardnett and took him into custody, placing him into a police vehicle. Hardnett was not given any information regarding why he was taken into custody.

29. Hardnett was taken directly to the back of a police building on Plank Road in Baton Rouge.

30. Baton Rouge Police Officers forced Hardnett to strip naked, bend over, and spread his buttocks while police officers examined his entire body with a flashlight, including his genitals.

31. Hardnett remained naked and exposed for approximately 12 minutes.

32. Hardnett was never informed that he was accused of any specific crime.

33. Hardnett's humiliating ordeal did not produce evidence of any crime.

34. However, the strip search had accomplished the officers' goal. Hardnett had been humiliated and traumatized by their unconscionable and unconstitutional search.

35. Following the strip search, the Baton Rouge Police Officers drove Hardnett back to the location where they had picked him up.

36. Hardnett was never charged with any crime.

37. The fact that Hardnett was never charged with a crime lays bare that the strip search he suffered through was not based on probable cause or any other legitimate purpose.

38. Hardnett was informed by the officers as they dropped him off that he, and others would be forced to go through the same ordeal again if they saw him.

39. The implication of the officers' communication was that they would conduct illegal strip searches on anyone they suspected of criminal behavior, regardless of whether there was any evidence to support that suspicion, let alone probable cause to arrest.

40. The unconstitutional strip search that Hardnett experienced has caused ongoing pain, suffering trauma, and mental anguish.

41. Hardnett's mental anguish and anxiety are compounded due to his knowledge that his strip-search was ratified and supported by the law enforcement apparatus that should protect him, not traumatize him.

### COUNT I: 42 U.S.C. § 1983 FOURTH AMENDMENT VIOLATION

42. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

43. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches by law enforcement officers.

44. It is clearly established in the 5th Circuit that strip-searches are unreasonable unless supported by probable cause or individualized reasonable suspicion. that an individual has weapons or contraband.

45. The Baton Rouge Police Department maintains a policy and/ or practice of strip-searching individuals who have been taken into their custody without probable cause or individualized reasonable suspicion.

46. The Baton Rouge Police Department has knowledge that its strip-search a policy and/ or practice is unconstitutional but continues to maintain the policy in order to humiliate, denigrate, and intimidate the individuals who have been taken into custody

47. The members of the Baton Rouge Police Department who have established, maintained, and executed the strip search policy and/ or practice are state actors acting in the course and scope of their law enforcement positions.

48. As a direct and proximate result of the unconstitutional acts described above, Plaintiff and members of the proposed class have been irreparably injured.

## PRAYER FOR RELIEF

Plaintiff Bobby Hardnett on his own behalf of and on behalf of a class of others similarly situated, requests that this Honorable Court grant the following relief:

A. An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23.

B. A judgment against Defendant for Plaintiff's First Cause of Action detailed herein, awarding Compensatory and Punitive Damages to the named Plaintiff and each member of the proposed class in an amount to be determined by a Jury and/or the Court on both an individual and a class wide basis.

C. A declaratory judgment against Defendant declaring the Baton Rouge Police Department's policy and/ or practice of strip-searching individuals who have been taken into their custody without probable cause or individualized reasonable suspicion unconstitutional.

D. A preliminary and permanent injunction enjoining Defendant from continuing to strip-searching individuals who have been taken into their custody without probable cause or individualized reasonable suspicion.

E. A monetary award for attorney's fees pursuant to 42 U.S.C. § 1985 and 1988, and Fed. R. Civ. P. 23.

Respectfully Submitted,

*/s/ Ronald Haley*
Ronald Haley, Esquire
HALEY AND ASSOCIATES
8211 Goodwood Blvd Ste E,
Baton Rouge, LA 70806

Mark V. Maguire, Esquire
John J. Coyle, Esquire
Daniel N. Purtell, Esquire
MCELDREW PURTELL

                                                  123 South Broad Street
                                                  Suite 2250
                                                  Philadelphia, PA 19109
                                                  *Pro hac vice petitions forthcoming*

                                                  *Attorneys for Plaintiff and the Proposed*
                                                  *Class of Plaintiffs*

Dated:  September 29, 2023